■    SYLVIA MANDLE, on Behalf of Herself and on Behalf of All Other Common Stockholders of Coburn Corporation of America, Similarly Situated, Appellant, v. COBURN CORPORATION OF AMERICA, Respondent.— Order entered May 19, 1969, and judgment so far as appealed from unanimously affirmed, without costs or disbursements. In this action by the plaintiff-appellant stockholder brought in her own behalf and on behalf of all other common stockholders of the defendant corporation, plaintiff sued to recover the difference between " fair value " and the amount actually paid to the stockholders as a dividend in lieu of fractional shares of stock of the defendant's wholly owned subsidiary. One share of the unissued stock of the subsidiary, determined by the defendant's board of directors to have a fair value of 25 cents per share, was distributed for each eight shares owned in the defendant and some 399,218 of the 400,000 dividend shares were thus distributed in kind. Defendant delivered to plaintiff a check for 13 cents representing the portion of the dividend payable to her in lieu of the fractional shares (four) held by her. She accepted and cashed the check for 13 cents. But, now, claiming to be entitled to represent all stockholders who received a cash dividend in lieu of fractional shares, the plaintiff in this action seeks to recover such amount " as this court shall determine is the difference between the fair value of the fractional shares * * * which would otherwise have been distributable to the plaintiff in this action and all persons similarly situated ". On the basis of the value of the subsidiary stock, as claimed by plaintiff, her recovery in her individual right against the defendant could not exceed $10. In dismissing the action the Special Term noted that there was no charge of fraud or self-serving on the part of the defendant's directors and commented on the " reluctance of the courts to enter this field (of reviewing the business judgment of corporate directors)." Special Term also observed that any benefit

from undervaluation of the subsidiary stock would accrue to the corporation and thus, to defendant's stockholders. Special Term concluded that, "Under such circumstances the Court will not interfere". Our affirmance is predicated upon our adherence to the principle *de minimis non curat lex*. The plaintiff's interest and financial concern in the litigation is truly insignificant and it does not appear that any other stockholder seeks to join in this action. Furthermore, it does not appear that plaintiff fairly represents any considerable number of stockholders who are similarly situated, namely, stockholders who accepted and cashed their checks for the fractional shares. For all that appears, her case is a special case embracing questions relating to the effect of her acceptance of the check for the 13 cents and, thus, involves questions which may not be of common or general interest to many other stockholders. Concur — Eager, J. P., Capozzoli, Tilzer, Nunez and Steuer, JJ.